GERALD A. ROHR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rohr v. Commissioner
Docket No. 8957-92
United States Tax Court
T.C. Memo 1993-373; 1993 Tax Ct. Memo LEXIS 401; 66 T.C.M. (CCH) 440; August 23, 1993, Filed *401 Decision will be entered under Rule 155. For petitioner: John C. King. For respondent: Bruce K. Meneely. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6651(a)(1)
1983
$   824
--
1984
1,626
$ 41
1985
2,753
--
1986
2,200
28
1987
1,136
--
After concessions by the parties, the issues are: (1) Whether petitioner's horse breeding activity was an activity not engaged in for profit within the meaning of section 183(a) during the years involved; and (2) whether petitioner is liable for the addition to tax for failure to file a timely tax return for the year 1984. At the time of filing the petition herein, petitioner resided at Russell, Kansas. Petitioner was employed as a production manager at a recreational vehicle manufacturer *402 during the years involved herein. Petitioner's background in horse breeding commenced when he was 15 years old when he spent some time around horses and met some local breeders and horse trainers. Petitioner again became involved with horses when his daughter began showing horses as a hobby. Petitioner took his daughter to horse shows for about 12 years. After petitioner's daughter married and left home, petitioner decided to raise and train horses. At that time petitioner was living on a 110-acre farm which had substantial pasture land. The farm was owned by petitioner's wife. Commencing in 1983, petitioner had two mares for breeding and a palomino gelding quarter horse that he took to horse shows. The two mares were bred to a paint stud horse to raise paint colts. Only one paint colt was born that petitioner subsequently began training for showing. Another colt was sold for $ 500, which was the only income received from petitioner's horse breeding activity. For the years 1984 through 1987, petitioner did not breed the mares. Petitioner did attend some horse shows with his palomino quarter horse. Petitioner's horse breeding activity was substantially curtailed because *403 of petitioner's marital problems which ended in divorce. During 1988, petitioner terminated the horse breeding activity and moved off the farm. Petitioner retained the palomino quarter horse for his personal use and pleasure. Petitioner's wife took the paint colt for her personal use. Petitioner claimed losses on his tax returns which totaled approximately $ 33,000 for the years 1983 through 1987. Petitioner alleges that he entered into the horse breeding activity with the intent to make a profit. Petitioner has no records or other evidence to show his horse breeding activity. Petitioner was unable to recall at the trial of this case the approximate cost of his breeding mares or the number of horse shows attended each year. Petitioner made no financial analysis to determine the profit potential of the horse breeding business. Although petitioner had substantial losses during the 5-year period commencing in 1983, he made no attempt to change his operation to either increase income or to decrease his expenses. Petitioner testified in general that he felt he could make money by breeding and training horses for future sale. However, petitioner failed to sell any horses, except *404 one colt for $ 500, at anytime since he became involved in the horse breeding activity. Petitioner actually cut back on the breeding activity because of his marital problems. Petitioner contends that he had an honest objective of making a profit from his horse breeding activity during the years involved. Petitioner has the burden of proof to show that respondent's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 183(a) provides that if an "activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." In determining whether an activity is one engaged in for profit, petitioner must show that he engaged in the activity with an actual and honest objective of making a profit. Surloff v. Commissioner, 81 T.C. 210, 233 (1983); Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), *405 affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The taxpayer's expectation need not be a reasonable one, but there must be a good faith objective of making a profit. Dreicer v. Commissioner, supra; sec. 1.183-2(a), Income Tax Regs. The determination of whether the requisite profit objective exists is to be resolved on the basis of all the surrounding facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of his intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., provides a list of nine factors to be used in determining whether an activity is engaged in for profit. These factors include: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer *406 in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation. No one factor is conclusive in making this determination. Allen v. Commissioner, 72 T.C. 28, 34 (1979). Applying these factors to the case before us, we conclude that petitioner's horse breeding activity was not engaged in for profit within the meaning of section 183(a). The evidence in this case leads us to the conclusion that the expenditures incurred were no different than those that might be incurred by any individual participating in horse breeding for personal pleasure. A review of the total record in this case fails to support petitioner's contention that he could achieve a profitable operation which is a strong factor in considering petitioner's true objective, Jasionowski v. Commissioner, 66 T.C. 312, 322 (1976). *407 At most, petitioner was engaged in a personal recreational activity that may have had some future business potential. Accordingly, we must conclude that petitioner's horse breeding activity was not an activity engaged in for profit. It follows that the losses incurred by petitioner during the years involved are not deductible. The remaining issue is whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a timely tax return for the year 1984. Petitioner bears the burden of proof on this issue. Rule 142(a). Petitioner failed to submit any evidence on this issue and, as such, has failed to meet his burden. Accordingly, petitioner is liable for the addition to tax for failure to file a timely tax return. Decision will be entered under Rule 155.